# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE MAHONEY,** | : | CIVIL NO. 1:CV-09-0623 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **D.O.C., et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

On April 6, 2009, Dwayne Mahoney ("Mahoney"), an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants the Pennsylvania Department of Corrections ("DOC"), and SCI-Mahanoy employees Brenda Tritt, Deputy Superintendent, as well as the warden. On April 8, 2009, the Court issued a Memorandum and Order directing Mahoney to file an amended complaint in this matter. (Doc. No. 7.) On April 15, 2009, an amended complaint was submitted. (Doc. No. 9.) Because the amended complaint filed is still defective, the Court will provide Mahoney with another opportunity to file a proper amended complaint.

**I.    Background**

Obligatory preliminary screening revealed that the original complaint submitted in this action was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Mahoney's entire "Statement of Claim" section in his complaint read as follows:

> My constitutional rights have been violated. I was abused/assaulted at SCI-Mahanoy and this violates the 8th Amendment Cruel and Unusual Punishment Clause.

(Doc. No. 1, Compl. at 2.) He included no dates and failed to associate his claims with any specific individual. In addition, his request for relief was general. He stated that because he was

mentally and physically disabled due to the abuse/assault, he wanted to be examined by doctors to determine what kind of relief he needed. (Id. at 3.)

## II.      Discussion

In screening the complaint as submitted, the Court found that Mahoney failed to provide any details with respect to the claims he alleged, including when the violations occurred. Further, he did not associate any of the claims with any individual defendant. While he did reference three Defendants in the caption of the complaint, one of the Defendants named was the Department of Corrections, not a person within the meaning of § 1983. See Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973).

The two remaining Defendants listed in the caption were the Warden and the Deputy Superintendent. The allegations set forth in the complaint, however, failed to associate either of these individuals with the claims set forth therein. It appeared that said Defendants might only be named by Mahoney in their supervisory capacities. It is well-established that civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).

Based on the foregoing, the Court found that the original complaint, as filed, was subject to dismissal. However, Plaintiff was afforded fifteen (15) days to submit a proper amended complaint. He was advised that in preparing his amended complaint, he must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity,

identifying the defendants and the particular conduct of the defendants purported to have harmed him. He was further instructed that any "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

On April 15, 2009, an amended complaint was filed by Mahoney. In reviewing the submission, it is clear that Mahoney has failed to comply with the Court's memorandum and order of April 8, 2009. While Mahoney does provide slightly more detail with respect to his claim against Brenda Tritt, the Deputy Warden at SCI-Mahanoy, he still fails to include any dates in his complaint as to when the alleged incidents are claimed to have occurred. Further, he fails to identify the remaining Defendants, which apparently are guards who "work at control at SCI-Mahanoy." (Doc. No. 9, Am. Compl. at 2.) While the identities of these Defendants can be sought by Plaintiff through the discovery process, Plaintiff must at least provide the basic details of the underlying incident, including the date(s) upon which it is claimed to have occurred. For these reasons, Mahoney will be provided with another opportunity to submit a proper amended complaint in this action. In doing so, he must comply with the mandates set forth in this memorandum as well as the Court's earlier memorandum of April 8, 2009. The amended complaint must be a new pleading which stands by itself without reference to the original and/or amended complaint previously filed in this action. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE MAHONEY,** | : | CIVIL NO. 1:CV-09-0623 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **D.O.C., et al.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 2nd day of November, 2009, **IT IS HEREBY ORDERED THAT:**

1. Within fifteen (15) days from the date of this order, Plaintiff shall file an amended complaint in accordance with the attached memorandum and this Court's memorandum of April 8, 2009. The amended complaint shall carry the same civil docket number (1:09-CV-0623) presently assigned to this matter. The Clerk of Court shall provide to Plaintiff a blank § 1983 civil rights complaint form for his use in filing a new amended complaint.

2. Failure to file an amended complaint within the allotted time will result in the dismissal of the original complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania