# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE MAHONEY,** | : | CIVIL NO. 1:CV-09-0623 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **D.O.C., et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

On April 6, 2009, Dwayne Mahoney ("Mahoney"), an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants the Pennsylvania Department of Corrections ("DOC"), and SCI-Mahanoy employees Brenda Tritt, Deputy Superintendent, as well as the warden. He proceeds in forma pauperis in this matter. Obligatory preliminary screening revealed that the complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). However, prior to dismissal, the Court issued a Memorandum and Order setting forth the defects in Mahoney's complaint, and providing him with the opportunity to file an amended complaint in this matter. (Doc. No. 7.) An amended complaint was timely submitted, however it contained the same defects. (Doc. No. 9.) A subsequent Order was issued by the Court providing Plaintiff with a second opportunity to submit a proper amended complaint in this action. (Doc. No. 12.) Plaintiff was again advised of the defects in his complaint, and afforded fifteen (15) days within which to submit a proper amended complaint. He was advised that the failure to file an amended complaint within the time period set forth would result in the dismissal of his original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The specified time period has passed, and Plaintiff has not submitted an amended complaint in this action. Accordingly, the original complaint will be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for the reasons that follow.

**I.    Allegations of the Complaint**

The entire "Statement of Claim" section of Mahoney's complaint reads as follows:

> My constitutional rights have been violated. I was
> abused/assaulted at SCI-Mahanoy and this violates the 8th
> Amendment Cruel and Unusual Punishment Clause.

(Doc. No. 1, Compl. at 2.) He includes no dates and fails to associate his claims with any specific individual. In addition, his request for relief is general. He states that because he was mentally and physically disabled due to the abuse/assault, he would like to be examined by doctors to determine what kind of relief he needs. (Id. at 3.)

**II.    Discussion**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (i) is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

A plaintiff, in order to state a viable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

In the complaint as submitted, Mahoney fails to provide any details with respect to the claims he alleges, including when the violations occurred. Further, he does not associate any of the claims with any individual defendant. While he does reference three Defendants in the caption of the complaint, one of the Defendants named is the Department of Corrections. The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Pennsylvania Department of Corrections is not a person within the meaning of § 1983. See Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973).

The remaining two Defendants listed in the caption, only one by name, are the Warden and the Deputy Superintendent. The allegations set forth in the complaint, however, do not associate either of these individuals with the claims set forth therein. It appears that said Defendants may only be named due to the supervisory positions they hold within the institution. It is well-established that civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Liability cannot be based solely on the basis of a defendant's supervisory capacity, that is, there must be allegations that the official had knowledge or acquiesced in any purported acts of constitutional mistreatment. In the instant case, it appears that Defendants may be named solely based upon the positions they hold within the DOC. As such, the claims set forth against them are subject to

dismissal.

      Based on the foregoing, the instant complaint is subject to dismissal. In the interests of justice to a <u>pro se</u> litigant, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), an opportunity to amend is granted allowing the litigant to attempt to state an actionable § 1983 claim against a properly named defendant or defendants. Plaintiff has been afforded this opportunity on two (2) occasions. His first submission was inadequate, and failed to remedy the defects in the original complaint. As such, Plaintiff was afforded a second opportunity to file a proper amended complaint in this action. He has failed to do so or request an enlargement of time within which to do so. Accordingly, the complaint in this matter will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE MAHONEY,** | : | CIVIL NO. 1:CV-09-0623 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **D.O.C., et al.,** | : | |
| **Defendants** | : | |

# ORDER

**AND NOW**, this 11th day of January, 2010, upon consideration of Plaintiff's complaint (Doc. No. 1), **IT IS HEREBY ORDERED THAT:**

1. The complaint (Doc. No. 1) is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Clerk of Court is directed to **close this case.**

3. Any appeal from this Order will be deemed frivolous, lacking in probable cause and not taken in good faith.

          S/ Yvette Kane
          YVETTE KANE, Chief Judge
          Middle District of Pennsylvania